IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

United States of America

      v.                                    Docket No. 7:22-CR-20-1 (EKD)

Laura Elizabeth Wickham

**Defendant's Motion to Revoke Magistrate's Order of Detention**

      Ms. Wickham is a devoted mother who lives and works in this District and who has succeeded after a long struggle with overcoming an addiction to opiates. Although she allegedly admitted to providing drugs to others nearly two years ago, all available evidence suggests that Ms. Wickham has turned her life around since police searched her home in April of 2020. Ms. Wickham, by all accounts, was cooperative with police, compliant, and allegedly admitted to engaging in drug activity. She is not alleged to have engaged in any criminal or drug activity since. And the government waited two years to arrest her for that conduct. In those two years, Ms. Wickham went from being a victim of the drug war to a survivor of it. She is a case study of the best possible outcome for those with opioid addiction, having taken every step available to her to take back her life and her son in the face of a debilitating and nation-wide affliction.

      Rather than choosing to arrest Ms. Wickham in April 2020 when it allegedly uncovered evidence of a crime, the government did nothing, waiting two years to arrest and then to argue that Ms. Wickham could not be released from jail without unreasonably endangering the public. If Ms. Wickham had been dealing drugs in the interim, it would have been on the government's hands; luckily Ms. Wickham made better choices than those who now seek to unduly detain her. While the prosecutor's office stood by during that period, the police regularly visited Ms. Wickham and attempted to convince her to work for

them in setting up people with sting operations. Ms. Wickham refused, knowing that her sobriety might be jeopardized by such conduct, and she instead focused on turning her life around. Her dedication to sobriety was rewarded with the current charge and the government's motion for detention.

In support of detaining a mother who poses no danger to anyone, the government relied on her criminal record that included theft, her admitted (and dated) role in the alleged offense, her current prescription for methadone, and the fact that she used Naloxone to save 34 people from apparent overdoses. This was tantamount to arguing Ms. Wickham is a danger to the community because of her honesty, cooperation with law enforcement, diligence in saving lives, and willingness to seek help for addiction.

Inexplicably, the Court agreed with the government, without considering how conditions of release could meaningfully and reasonably assure the safety of the community, and without considering how the past two years of compliant, lawful behavior demonstrate that detention is entirely unnecessary. Moreover, the court failed to ensure that Ms. Wickham even received a fair or prompt hearing. This Court should revoke the Magistrate's order of detention and issue an order of release.

**The Court did not provide Ms. Wickham with a fair hearing.**

The Federal Rules of Criminal Procedure were adopted to ensure defendants receive equitable and impartial opportunities to defend themselves when they are charged with a crime; indeed, the entire justice system hinges on these principles. Federal courts implement local Criminal Justice Act plans ("CJA Plans") to ensure that courts follow Congressional enactments and Constitutional obligations to provide indigent defendants with appointed counsel. In combination, CJA plans and the Federal Rules should provide defendants with fair hearings. Unfortunately, neither the federal rules nor the CJA plan were followed in this case, and Ms. Wickham did not receive a fair hearing.

Antithetical to the most basic conception of rule of law, the injustice began a week before Ms. Wickham's arraignment, when she was held for *seven days* after her arrest before she saw a magistrate for her detention hearing. The rules require her to be brought to the court without "unnecessary delay." *See* Fed. R. Crim. P. 5(a)(1)(A). The Court's calendar shows several opportunities for the court to have scheduled her arraignment between her arrest on the thirteenth and her eventual arraignment on April 20. Ms. Wickham has requested the court order a show cause hearing to investigate the delay. As of now, no evidence supports such an unnecessary or unreasonable delay.

Further, the local CJA plan repeatedly stresses that counsel should be appointed to represent defendants prior to the pretrial services interview and that the Office of the Federal Public Defender be notified promptly after a person's arrest. *See* CJA Plan at IV(B)(1)(b)(i) (requiring the court to inform the federal defender "promptly" upon a person's arrest); CJA Plan at IV(B)(1)(d)(i) (requiring "when practicable, the pretrial services officer will not conduct the pretrial service interview of a financially eligible defendant until counsel has been appointed"). The Federal Public Defender was not notified of Ms. Wickham's arrest for five days, and Ms. Wickham was interviewed without counsel by pretrial services the very same day she was arrested. The Federal Defender was available and would have attended the pretrial services interview if it had been appropriately informed in compliance with the Plan.

The law is clear that the right to counsel does not attach until a defendant's "initial appearance before a judicial officer." *See Rothgery v. Gillespie County*, 554 U.S. 191 (2008). However, nearly all commentary on points recommends appointing counsel earlier and as soon as possible. *See generally* Sixth Amendment Center, *Early Appointment of Counsel*: *The Law, Implementation, and Benefits*, 2014 available at https://sixthamendment.org/6ac/6ACPJI_earlyappointmentofcounsel_032014.pdf. Indeed,

this Court's CJA plan recommends counsel be appointed as soon as possible and have the opportunity to participate in the pretrial services interview. *See* CJA Plan at at IV(B)(1)(d)(i); V(C).

The injustices continued. Ms. Wickham's detention hearing began with the court asking the government to give her legal advice that, being given by those seeking to imprison her would amount at best to recommendation and at worse to threat, over her attorney's objection. Nothing within the Federal Rules requires have prosecutors advise defendants about the various pleas they can enter before accepting a not guilty plea at an arraignment. *Compare* Fed. R. Crim. P. 11 (requiring a colloquy before a court accepts a guilty or no-contest plea) with Fed R. Crim. P. 10 (not requiring a colloquy before a court enters a plea of not guilty). Indeed, all that a court need do at arraignment to fulfill its obligations as neutral arbiter is ensure that the defendant has a copy of the indictment, read the charge to the defendant, and ask the defendant to plead.

Having prosecutors advise incarcerated, represented defendants about their legal options is inapposite to basic principles of criminal justice. The Model Rules of Professional Conduct advise against any lawyer speaking to, let alone counseling, a represented party. *See* ABA Model Rules of Professional Conduct 4.4; Restatement of the Law (3d) Governing Lawyers § 99(1) (generally prohibiting lawyers from speaking to represented persons). Of course, Ms. Wickham is not accusing the government of engaging in any misconduct, as the court instructed the government to advise her about her rights, the charge she faces, and the various pleas she could enter. Nonetheless, having the prosecutor counsel the defendant about how she could plead and what her various options mean invades Ms. Wickham's relationship with her counsel, invokes power dynamics that are detrimental to both Ms. Wichkam's interests and an equitable proceeding, and obscures roles in an adversarial system of justice. Doubtless Ms. Wickham will speak to her counsel about the government's

motivations—in bringing this case two years after investigating it, in seeking her detention, and in potentially discussing a plea offer. By having the prosecutor counsel Ms. Wickham, the court blurred the lines between which counsel was responsible for representing Ms. Wickham: the government or her attorney. The Court was in error by overruling Ms. Wickham's objection to the government counseling her at arraignment.

Finally, during Ms. Wickham's detention hearing, the court declined to order the government to produce any statements of the witness it called in support of its motion for detention. The Rules clearly require the court to issue such an order, and no law supports the court's decision not to do so. *See* Fed. R. Crim. P. 26.2(a) ("[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, *must* order an attorney for the government . . . to produce . . . any statement of the witness that is in their possession . . .") (emphasis added).

Ms. Wickham's hearing was unfair. It did not comport with the laws, rules, or regulations enacted to ensure it was fair. It was not scheduled promptly; she was interviewed by pretrial services without a lawyer in violation of the local CJA Plan; she was not given a lawyer "promptly," also in violation of the CJA Plan; the Court asked the government to counsel Ms. Wickham over her attorney's objections; and the Court refused to enforce blackletter law. All of these errors preceded the court's failure to account for how her past two years of law-abiding behavior, her stable residence, her job, her support for her child, and her drug-addiction treatment demonstrate that she can be released while reasonably assuring the safety of the community.

## The Court erred by detaining Ms. Wickham.

Courts cannot detain individuals prior to trial unless they find that "*no* condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." *See* 18 U.S.C. § 3142(e)

(emphasis added). Although the law establishes presumption of detention in this case, that presumption merely shifts the burden of production to a defendant to produce "some evidence" to rebut it. *See, e.g., United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) (holding that the prosecutor bears the burden of persuasion at all times while a defendant simply bears a burden of production, which entails producing "some evidence" under 3142(g)); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (explaining that the defendant rebuts the presumption by producing "some evidence" under 3142(g) and concluding that, after it is rebutted "[the presumption[ remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in 3142(g)").

    The court did not consider at all how Ms. Wickham's law-abiding behavior for the past two years, after police executed a search warrant on her home, demonstrates that conditions of release can reasonably assure the safety of the community. Because it failed to do its duty, the court never heard that the local family court had determined that Ms. Wickham was not a danger to her child *in her own home*, or considered how her detention would deeply disrupt her most immediate community. Nor did the court consider how her participation in substance abuse treatment significantly militates against any concern that her release would pose any future danger. Finally, the court failed to consider how the past two years of law-abiding behavior refutes the government's argument that her release back to her home would pose an unmitigable risk of danger to the public. In short, the Court relied too heavily on the presumption of detention, did not meaningfully consider mitigating factors, and unfairly focused on dated allegations of criminal activity. This Court should revoke the District Court's order of detention and order that Ms. Wickham be released on the conditions recommended by pretrial services.

## Conclusion

The Magistrate erred by detaining Ms. Wickham and not correctly weighing the factors under 18 U.S.C. § 3142(g). The Court also failed to provide Ms. Wickham a fair or prompt hearing. Because the Court declined to enforce the Rules of Criminal Procedure, this court should order Ms. Wickham's release or schedule an immediate hearing that comports with the Federal Rules of Criminal Procedure and correctly consider all of the circumstances relevant under the Bail Reform Act.

Respectfully submitted,

/s/ Benjamin M. Schiffelbein, Esquire
Asst. Federal Public Defender
NH Bar No. 267593
210 First Street SW, Room 400
Roanoke, Virginia 24011
Ph. (540) 777-0880
Fax (540) 777-0890
Benjamin_Schiffelbein@fd.org