IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 7:22CR00020 |
| : | |
| **LAURA ELIZABETH WICKHAM** : | |

### RESPONSE TO ECF #23 AND ECF #40

Ms. Wickham disagrees with the Magistrate's decision to detain her pending trial. Fortunately for her, she has an appeal of right to this Court, which can decide detention based on the papers, or take further evidence before deciding the matter. The government believes that Ms. Wickham was properly detained, especially since that she did not put forward what the government viewed to be a viable home plan. However, this Court is well-equipped to resolve the matter of detention in whatever fashion it deems appropriate.

Ms. Wickham also complains that she was denied <u>Jencks</u> material, specifically the grand jury testimony of the case agent. But at the time of Ms. Wickham's detention hearing, the transcript of the agent's grand jury testimony had not yet been prepared. It did not exist, so it was not in the government's possession. Ultimately, the government received the transcript of the agent's testimony on April 25, 2022, and thereafter provided it to counsel for Ms. Wickham.

The remainder of Ms. Wickham's complaints appear to be against the Court itself. She objects to delay in scheduling her case for initial appearance, objects to delay in appointing counsel, and objects to uncounseled contact between defendant and probation officer. She asks in ECF #23 that a show cause hearing be held on these matters. Procedurally, this is puzzling.

As a rule, the Court issues a show cause as a demand to a party in a matter to cause that party to take some action, provide some information, or otherwise comply with the directives of

the Court. This demand is enforced by means of the Court's contempt power. Because the Court is not a party to this action, the request for the issuance of a show cause seems to be incorrect.

Setting that distinction aside, as a functional matter, Ms. Wickham is asking the Court to hold a hearing to determine whether or not the Court has engaged in misconduct, but with the goal being that the Court be directed to provide counsel with various pieces of information about the Court's actions that counsel will then bring to the Court's attention so that the Court can rule on its own behavior and possibly sanction itself, or perhaps even dismiss the government's case.[1]

With these things in mind, it may be that a Motion to Show Cause is not the tool best suited to help Ms. Wickham reach her goals. Nor is the government the organization best suited to comment on the inner workings of the Court. The government presumes that the Court's conduct in this case, as well as the way that that the Court has conducted arraignments for past decades, is regular. Otherwise, the government has nothing to add on the topic.

WHEREFORE, the government agrees that Ms. Wickham is entitled to an appeal of her detention, said appeal to be conducted in such fashion as the Court may find best. The government asks that Ms. Wickham's <u>Jencks</u> complaint be dismissed. Finally, the government leaves to the Court's sound discretion how best to resolve Ms. Wickham's various complaints against the Court itself.

          Respectfully submitted,

          CHRISTOPHER R. KAVANAUGH
          United States Attorney

          */s/ R. Andrew Bassford*
          R. Andrew Bassford
          Assistant United States Attorney

---

[1] Wickham cites to *United States v. Osunde*, 638 F.Supp 171, 177 (N.D. Cal. 1986) as authority for dismissal with prejudice based on delay in presentment, but the Fourth Circuit declined to follow *Osunde* by unpublished opinion in *U.S. v. Malachi*, 972 F.2d 343 (4th Cir. 1992).

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I have electronically filed the foregoing Response to ECF #23 and ECF #40 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ R. Andrew Bassford*
Assistant United States Attorney
