CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

February 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:22-cr-00020-1 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| LAURA ELIZABETH WICKHAM ) | Chief United States District Judge |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a pro se motion filed by defendant Laura Elizabeth Wickham, titled as a "Motion for Concurrent Sentencing." (Dkt. No. 154.) In it, she asks the court to specify that her 52-month federal sentence in this case be run concurrent with a subsequently-imposed state sentence. (*Id.*) Alternatively, she asks the court to "at least start the federal sentence from the date of sentencing." (Attached Ltr. 2, Dkt. No. 154-1.)

In her attached letter, Wickham contends that during her federal sentencing on March 14, 2024, all participants, including the court, had been advised and were under the impression that her state charges would be dismissed as long as she received three years of federal time,[1] "[s]o that matter of running any time concurrently was not addressed." (*Id.* at 1–2.) She then was sentenced on August 30, 2024, on her state charges to two years and four months. She also explains that two days before her federal sentence was to begin, on January 27, 2025, "the state court charged [her] with a violation." (*Id.* at 1.) Thus, she did not begin service of her federal sentence until shortly before sending her letter, and her current release date, based on

---

[1] Wickham attributes this misunderstanding and other errors to her counsel in the state criminal case. She states that she plans to address that attorney's "unprofessionalism and plead [her] case" when she is "released from federal custody." (Attached Ltr. 1.) The court obviously offers no opinion and makes no finding as to any alleged errors by her counsel, but Wickham is advised that any claims in a civil action or habeas petition are subject to time limitations and/or exhaustion requirements.

documentation she provided to the court, is October 26, 2028, with a home-detention eligibility date of May 22, 2028. (Bur. of Prisons Sent. Computation, Dkt. No. 154-2.)

As an initial matter, it appears that Wickham is seeking a modification of her imposed sentence, and she does not cite to any authority allowing the court to modify her sentence, years after it was imposed, on the grounds that she believes a concurrent sentence should have been ordered at the time.[2] There may be an alternative route to pursue this relief, at least as it relates to the period of time from when her federal sentence was imposed, but it requires first seeking relief with the Bureau of Prisons ("BOP") and then filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the appropriate court. She has not styled her motion as a § 2241 petition, though, and the court declines to construe it as one.[3]

Turning to Wickham's allegations and request for concurrent sentences, the record contains some evidence to support her factual assertion that at least she and her counsel believed her state charges were likely to be dismissed. In Wickham's sentencing memo before this court, her counsel wrote that he was "under the impression that [the pending state] charges may be

---

[2] Wickham has not asked for relief under 18 U.S.C. § 3582(c), but it does not appear that her grounds for relief would entitle her to relief under the so-called compassionate relief provision.

[3] Specifically, Wickham could ask the BOP to designate a state facility *nunc pro tunc* for service of her federal sentence. Such a claim would be based on *Setser v. United States*, 566 U.S. 231, 236 (2012). If the BOP were to deny that request, she could exhaust the BOP's administrative remedies and then request the same relief through 28 U.S.C. § 2241 from the proper federal district court. *See, e.g., Mangum v. Hallembaek*, 824 F.3d 98, 100–01 (4th Cir. 2016) (addressing § 2241 petition filed after prisoner asked for a *nunc pro tunc* designation of a state facility for service of his federal sentence from the BOP); *Hardin v. United States*, No. 7:12-cv-01818-GRA, 2012 WL 3945314, at *2 (D.S.C. Sept. 10, 2012) (noting that a federal prisoner seeking to have his federal sentence run concurrent with a state sentence may first request a *nunc pro tunc* designation from the BOP, pursuant to 18 U.S.C. § 3621(b), asking the BOP to designate a state prison facility for service of the federal prisoner's confinement and, if unsuccessful, request relief through a habeas petition pursuant to 28 U.S.C. § 2241). The court is neither suggesting Wickham do so nor offering any opinion on whether any such attempt would be successful. Similarly, although the court does not construe her motion to be arguing that the BOP has improperly calculated her sentence, that, too, is an issue that must be raised in a § 2241 petition after fully exhausting. *United States v. Snead*, 664 F. App'x 270, 271 (4th Cir. 2016) ("[A] federal prisoner must challenge the calculation of his sentence via the appropriate administrative channels, and if necessary, in a habeas petition under 28 U.S.C. § 2241.") (citing *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (per curiam)). Any § 2241 petition must be brought in the district in which the petitioner is incarcerated. *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) (explaining that a § 2241 petition seeking sentencing credit must be brought in the district where the petitioner is confined).

dismissed after her sentencing." (Def.'s Sent. Mem. 8, Dkt. No. 136.) But counsel for the United States expressly noted that she was "facing further state incarceration based on these otherwise unrelated charges." (U.S. Sent. Mem. 3, Dkt. No. 135.)

Regardless of what any party believed was likely to occur on her pending state charges, it is notable that this court's judgment said nothing about running her federal and state sentences concurrently, even though the court clearly was aware of those pending charges, which were referenced in Wickham's Presentence Investigation Report (PSR). In particular, the first page of her PSR indicated that she was arrested on state charges on February 20, 2023, while on pretrial supervision in this case, had remained in state custody since that time, and that there was a federal detainer in place against her. (PSR 1, Dkt. No. 138.) The PSR also noted pending charges on six offenses for which she was arrested on February 20, 2023, and an additional charge for which she was arrested on July 15, 2023, all of which were listed as "pending" and with a "next court date of March 28, 2024." (PSR ¶¶ 56–57.) Thus, as even Wickham acknowledges, the court was aware of the state charges pending against her at the time it sentenced her.

Further, even if the court had known what Wickham's subsequent state sentences would be, it would not have imposed a concurrent sentence. United States Sentencing Guideline § 5G1.3(c) provides that a federal sentence should be imposed to run concurrently with an anticipated state sentence if that state sentence is "relevant conduct to the instant offense of conviction." Here, the sentences imposed in state court, including the revocation sentence, all were based on conduct that occurred years *after* the offense of conviction here. Specifically, the conduct on which she was convicted in this case began in November 2019 and ended on April 27, 2020, more than two years before she committed the offenses in August 2022—or later—that

3

resulted in her state convictions and revocation.[4] Additionally, while several of the pending state charges were possession of Schedule I or II substances, another four of them were firearm-related charges, including one for which she received a suspended five-year sentence, *supra* note 4. (*See* PSR ¶¶ 56–57.) Thus, none of those offenses were "relevant conduct" to her federal offense in this case, and there was no requirement that the court impose concurrent sentences to those anticipated state sentences. Instead, the court had authority and discretion to order that her federal sentence run concurrently or consecutively to an anticipated state sentence. *See Setser v. United States*, 566 U.S. 231, 236 (2012).

Although the court recognizes its authority to do so, *see id.*, this court generally does not impose a lower sentence than it finds otherwise appropriate merely to account for an anticipated state sentence, which is what running sentences concurrently effectively accomplishes. In part, this is because the court has no knowledge of what sentence that state court is likely to impose. Here, Wickham continued to commit offenses after her offense in this case, and it was this separate conduct that the state court was punishing. In such circumstances, ordering a concurrent sentence with her anticipated state sentence would not have served the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

---

[4] Publicly available records reflect that many of the cases against her in Montgomery County Circuit Court were based on an offense date of August 25, 2022, and she was arrested for them on February 20, 2023. She was sentenced on August 30, 2024, in each of the following cases to a five-year sentence with all five years suspended, to run concurrently: (1) CR23000241-00, for possession of Schedule I or II drug; and (2) CR23000243, for being a non-violent felon in possession of a gun, in violation of Va. Code Ann. § 18.2-308.2. She received the same sentence in CR230000945, for possession of a Schedule I or II drug on February 20, 2023—the date she was arrested for the offenses just listed. In that case, she was arrested July 15, 2023.

The only active sentence she received on August 30, 2024, was in CR23000242, in which she was convicted of possession with intent to manufacture. In that case, she received a five-year sentence with two years and eight months suspended, leaving an active sentence of two years and four months. Three other charges, all involving the possession of a gun in conjunction with possessing a Schedule I or II drug, were nolle prossed on that date. CR23000244-00, CR23000245-00, and CR23000246-00.

Wickham's motion also refers to her being revoked in state court. That appears to refer to a different Montgomery County Circuit Court case, CR17001019-03. In that case, she was arrested on January 25, 2025, for an offense date of January 23, 2025 (arrested Jan. 25. 2025). She was sentenced to 3 years 9 months with all but six months suspended.

For the foregoing reasons, the court does not have authority to reduce Wickham's sentence at this juncture and in this procedural posture. And even if it did, the court would not do so.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Wickham's motion for concurrent sentences (Dkt. No. 154) is DENIED. The Clerk is directed to provide a copy of this order to Wickham and to all counsel of record.

Entered: February 2, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge